**Nathan James UDELL,**

v.

**UNITED STATES OF AMERICA.**

No. Civ.A.05–356.

United States District Court, E.D. Pennsylvania.

April 7, 2005.

Megan M. McDonald, Hellertown, PA, for Nathan James Udell.

Virginia R. Powel, U.S. Attorney's Office, Philadelphia, PA, for United States of America.

Frederic Baker, Philadelphia, PA, U.S. Trustee.

Gloria M. Satriale, Chester Springs, PA, trustee.

## MEMORANDUM

BARTLE, District Judge.

The question presented on this bankruptcy appeal is whether the debt owed by a former cadet for his three years of education at the United States Air Force Academy is dischargeable.

The underlying facts are not in dispute. Nathan James Udell obtained a Congressional appointment as a cadet at the Air Force Academy and completed three academic years from July 1, 1993 to August 2, 1996. Upon enrollment, he had signed a "Record of Acceptance, Obligation, Reimbursement, and Oath of Allegiance" in which he agreed, among other things, that if he was discharged for misconduct, he could be liable to reimburse the United States for the cost of his education.

In 1996, Udell lied in reporting stolen his Government American Express credit card. After failing a polygraph test, he admitted that he had given the card to his girlfriend to "use for whatever she needed." On June 4, 1996, Udell submitted a letter of resignation in lieu of disenrollment. Because of the seriousness of his infraction, he was not placed thereafter on active duty but was given a general (under honorable conditions) discharge from the Air Force.

In his letter of resignation, Udell acknowledged that the Government sought reimbursement for the cost of his education in the amount of $88,936. He has never contested the sum due, which has now increased to $123,692 as a result of interest and administrative charges.

■ On December 11, 2001, the Government filed a civil action against Udell to recover the amount owed. Udell filed a Chapter 7 bankruptcy proceeding in June, 2002, and the civil action was placed on the court's suspense docket. Udell instituted an adversary proceeding in the bankruptcy court to seek a determination that the debt for his Air Force Academy education was dischargeable. On December 20, 2004, based on a stipulation of facts, the bankruptcy judge ruled in favor of Udell. The appeal of the United States to this court followed. We have jurisdiction under 28 U.S.C. § 158(a) and 28 U.S.C. § 1334. Our review of legal questions is plenary. *In re Woskob,* 305 F.3d 177, 181 (3d Cir. 2002).

■ In support of his position, Udell relies on 10 U.S.C. § 2005(a) and (d)[1] which provide:

(a) The Secretary concerned [The Secretary of the Air Force[2]] may require, as a condition to the Secretary providing advanced education assistance to any person, that such person enter into a written agreement with the Secretary concerned under the terms of which such person shall agree—

(1) to complete the educational requirements specified in the agreement and to serve on active duty for a period specified in the agreement;

(2) that if such person fails to complete the education requirements specified in the agreement, such person will serve on active duty for a period specified in the agreement;

(3) that if such person, voluntarily or because of misconduct, fails to complete the period of active duty specified in the agreement, or fails to fulfill any term or condition prescribed pursuant to clause (4), such person will reimburse the United States in an amount that bears the same ratio to the total cost of advanced education provided such person as the unserved portion of active duty bears to the total period of active duty such person agreed to serve; and

(4) to such other terms and conditions as the Secretary concerned may pre-

---

**1.** Title 10 of the United States Code deals with the Armed Forces.

**2.** *See* 10 U.S.C. § 101(9).

scribe to protect the interest of the United States.

. . .

(d) A discharge in bankruptcy under title 11 shall not release a person from an obligation to reimburse the United States required under the terms of an agreement described in subsection (a) if the final decree of the discharge in bankruptcy was issued within a period of five years after the last day of a period which such person had agreed to serve on active duty. . . .

It is undisputed that the debt in issue is encompassed within § 2005(d). Since it was discharged more than five years after August 2, 1996, Udell argues that the bankruptcy judge acted properly.

In contrast, the Government relies on 11 U.S.C. § 523(a)(8), a part of the Bankruptcy Code, which states:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

. . .

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents;

Udell does not contest that he obtained an educational benefit or scholarship from the Government to attend the Air Force Academy. Nor does he contend that without a discharge the debt "will impose an undue hardship" on him and his dependents. *Id.* Instead, he asserts that

§ 2005(d) deals specifically with the military educational assistance he received and imposes no limitation on the discharge of his debt now more than five years old while § 523(a)(8) with its severe restriction on discharge is a more general statute concerning educational loans and other similar benefits. According to Udell, the specific trumps the general under rules of statutory construction. The Government argues that the two statutes can be reconciled and that we need not decide whether one prevails over the other.

■ We think the proper rule of statutory construction is to reconcile the two statutes if it is reasonably possible to do so. The Supreme Court has mandated that "the courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Morton v. Mancari,* 417 U.S. 535, 551, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974). As noted above, § 2005(d) simply provides that a debt for educational assistance from the Armed Forces cannot be discharged "within a period of five years after the last day of a period which such person had to agree to serve on active duty." The provision is silent with respect to what happens thereafter. Section 523(a)(8), a part of the Bankruptcy Code, sweeps more broadly than § 2005(d). Indeed, Congress, over the years since the enactment of § 2005(d), has continually expanded the bar of § 523(a)(8) to prevent abuses in various student loan and other educational aid programs. *In re Chambers,* 348 F.3d 650, 653–54 (7th Cir.2003). Section 523(a)(8), as currently written, prohibits the discharge of a debt for "an educational benefit . . . made under any program funded in whole or in party by a governmental unit . . . or . . . an obligation

to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents." This language, on its face, also embraces Udell's obligation to the Government.

The two statutes can easily be reconciled so as to give effect to both. Section 2005(d) absolutely prohibits the discharge of the debt in question during the first five years, and § 523(a)(8) prohibits a discharge thereafter unless an undue hardship exists. Thus, after five years, a former service academy cadet such as Udell is placed on the same footing as those with civilian student loans or other educational benefits. This is neither an unfair nor unreasonable harmonization of the two statutes. We do not think it is the intent of Congress to treat the debt of someone who resigns from a service academy for misconduct more leniently than the educational debts of others.

We conclude that § 523(a)(8) bars the discharge of the debt of Udell for his three years of education at the Air Force Academy. Accordingly, the December 20, 2004 order of the bankruptcy judge will be reversed.

### ORDER

AND NOW, this 7th day of April, 2005, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the December 20, 2004 order of the bankruptcy judge is REVERSED.